IN THE U.S. DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA,
LAFAYETTE DIVISION AT HAMMOND

| | |
|---|---|
| Mr. Michael Williamson Tabango<br><br>Plaintiff,<br>v.<br><br>BOARD OF TRUSTEES OF PURDUE UNIVERSITY and NEERA SUNDARAM, in her individual capacity, GREGORY SHAVER in his individual and official capacity, ALYSA ROLLOCK in her individual and official capacity, CHRISTINE MARCUCCILLI in her individual and official capacity, CHRISTINA WRIGHT in her individual and official capacity<br><br>Defendants. | Cause No.: 4:25-cv-00025-GSL-AZ |



-FILED-
SEP 15 2025
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## MOTION TO SHOW CAUSE AND MOTION FOR DEFAULT JUDGMENT

Comes now the Plaintiff, Michael Williamson Tabango ("Plaintiff"), respectfully moves this Court to grant this motion to show cause and enter default judgment. In support of the motion the plaintiff states the following:

1. On August 21st, 2025 honorable Judge Gretchen Lund's order On defendants motion to dismiss (ECF 20) was filed as ECF 27 and was entered the following day. The order states: "Defendants' responsive pleading shall be due within 14 days of the filing of the amended complaint."

2. Plaintiff's amended complaint was filed and entered on August 27th 2025 as ECF 28.

3. As of 11:59 CST on September 10th, 2025 defendants have not filed a timely responsive pleading. At the time of mailing this motion they have not filed a responsive pleading either. Nor have they timely filed for a motion for extension of time to file nor have they challenged via

motion or appeal Judge Lund's order setting their 14 day deadline from time of filing as opposed to their requested 14 days from date of service, seemingly indifferent to the plain language of a court order.

4. FRCP 55(a) states: Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.

5. All defendants have entered an appearance on September 4th 2025, from which it can be inferred all defendants were made aware they were parties to this action and they have in fact appeared before the court. Thus if Judge Lund set the deadline in error defendants have signalled to the plaintiff and the court that they do not intend to exercise their right to retain their own counsel or represent themselves rendering it as a harmless error as the substantive rights that personal service affords were not denied to defendants with respect to these proceedings as they were afforded a fair opportunity to defend themselves and took all the necessary steps to defend themselves through counsel before a court that has not failed to grant an extension of time to file thus far. While defendants may have claims against their counsel for missing their deadline, that would be beyond the scope of these proceedings and beyond the jurisdiction of the court.

6. Plaintiff has attempted to serve all additional defendants, but it appears at least one is evading service which is worth noting in considering whether to enter default judgment. According to USPS tracking information signer "C M", presumably Christine Marcuccilli signed for the summons and complaint addressed to defendant Marcuccilli on September 10th, 2025. Plaintiff will file a return receipt as proof of service once he receives it. An attempt to serve defendants Rollock and Wright was made on September 9th, 2025 during which it was discovered that it appears their true address appears to be the 4th floor of Ernest Young hall, not the 10th floor as

the summons states. Plaintiff's process server, Daniel Williamson made contact with a receptionist on the 4th floor which initially stated Rollock was present, then inquired why the server needed to see her and after being told it was to serve papers she left to confer with someone in another room, (presumably defendant Rollock). Upon returning, the receptionist stated defendants Rollock and Wright were not available. Shortly after, plaintiff's process server found defendant Shaver's office door ajar, but defendant Shaver was not inside his office. Plaintiff will confer with defendants' counsel to attempt to resolve outstanding service before making a motion to compel service or enter judgment for service costs for evasion.

WHEREFORE, Plaintiff respectfully requests that the Court order the defendants to show cause for their default, and to enter a default judgment in favor of the plaintiff for the relief demanded in the complaint at *least* against defendants Purdue, Marcuccilli and Jain to be set aside only upon a finding of good cause.

Dated: September 11th, 2025

MICHAEL WILLIAMSON TABANGO

Michael Williamson Tabango
Attorney at not law
(Or anything else for that matter)