UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

MICHAEL TABANGO,

   Plaintiff,

   v.

PURDUE UNIVERSITY, *et al.*,

   Defendants.

Case No. 4:25-CV-025-GSL-AZ

## **OPINION AND ORDER**

This matter is before the Court on the following Motions and Applications filed by Plaintiff, Miachel Tabango, between September 11, 2025, and October 24, 2025:

> Motion to Show Cause and Motion for Default Judgment [DE 35]
> Motion to Show Cause and Motion for Default Judgment [DE 37]
> Application for Entry of Default [DE 52]
> Application for Entry of Default [DE 56]
> Motion to Reconsider and Motion for Written Opinion [DE 58]

*Background*

The foregoing background facts are relevant for the discussion of the instant Motions. Plaintiff initiated this case against Board of Trustees of Purdue University ("Purdue University") and Neera Jain on April 16, 2025. *See* [DE 1]. Board of Trustees of Purdue University and Neera Jain filed a Motion to Dismiss the Complaint [DE 20] on July 3, 2025. On August 21, 2025, noting the parties' agreement, the Court denied the Motion to Dismiss as moot and ordered the Plaintiff to file an Amended Complaint. [DE 27]. The Order also granted Defendants "14 days from the date of service of the [amended] complaint to file a responsive pleading." [*Id.*].

Plaintiff filed the Amended Complaint [DE 28] on August 27, 2025. The Amended Complaint names Purdue University, Neera Sundaram, Gregory Shaver, Alysa Rollock, Christine

Marcuccilli, and Christina Wright as Defendants. [DE 28 at 1]. On the date of the filing of the Amended Complaint, Plaintiff failed to attach a proposed summons or notice of lawsuit, and waiver of services. *See* [DE 29]. On September 2, 2025, Plaintiff filed a Proposed Summons for Alysa Rollock, Christina Wright, Christine Marcuccilli, and Gregory Shaver. [DE 31]. On September 4, 2025, attorneys for all Defendants filed their appearance. [DE 33-34].

Service for Defendants Alyssa Rollock and Gregory M. Shaver was executed on September 13, 2025. [DE 39-40]. Service for Defendants Christina Wright and Christine Marcuccilli was executed and/or accepted on September 22, 2025. [DE 40, 46]. Finally, service for Defendants Purdue University and Neera Jain Sundaram was executed and/or accepted on September 24, 2025. [DE 40]. Due to the various dates of service, per the Court's August 21, 2025, Order[1], the responsive pleading deadlines for each Defendant would have been as follows: September 27, 2025, for Defendants Rollock and Shaver; October 6, 2025 for Defendants Wright and Marcuccilli; and October 8, 2025 for Defendants Purdue University and Sundaram.

On September 30, 2025, Defendants, collectively, requested up to and including November 12, 2025, to file a responsive pleading to the Amended Complaint. [DE 44]. The Court granted Defendants request, notwithstanding Defendants' Rollock and Shaver's untimely request for additional time to respond, and gave all Defendants through November 12, 2025, to file a responsive pleading to the Amended Complaint. [DE 50].

*Discussion*

The Motions now before the Court are all based on Plaintiff's position that Defendants have defaulted by failing to timely respond to the Amended Complaint. The Court will preliminarily note that default judgments are highly disfavored and "should only be used in

---

[1] Defendants have "*14 days from the date of service* of the [amended] complaint to file a responsive pleading." [DE 27] (emphasis added).

extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007). The Seventh Circuit has "a well-established policy favoring a trial on the merits over a default judgment." *Id.*; *Escamilla v. United States*, 62 F.4th 367, 373 (7th Cir. 2023).

On September 11, 2025, Plaintiff filed a Motion to Show Cause and Motion for Default Judgment [DE 35] arguing that Defendants had until September 10, 2025, to file a responsive pleading to the Amended Complaint. *See generally* [DE 35 at 1-4]. Therefore, he requested that the Clerk enter a default, the Court order Defendants to show cause for their default, and to enter a default judgment in favor of Plaintiff for the relief requested in the Amended Complaint. [*Id.* at 3].[2]

As laid out in detail above, the deadlines for Defendants to respond to the Amended Complaint ranged from September 27, 2025, to October 8, 2025, depending on the dates each Defendant was served, also described above. [DE 39-40, 46]. So, as an initial matter, Plaintiff's argument that Defendants had until September 10, 2025, to respond to the Amended Complaint is incorrect, and not grounds for default. Additionally, Defendants requested, and the Court granted, up to and including November 12, 2025, in which to file a responsive pleading to the Amended Complaint. [DE 50]. The Court realizes, as it mentioned above, that Defendants Rollock and Shaver requested additional time to respond after their response deadline had passed. However, this type of hyper-technical violation of the rules is not one of those "extreme situations" that

---

[2] At the conclusion of his Motion [DE 35] Plaintiff notes that he mailed a draft of the same motion earlier that day, and that the mailed draft "[can] be disregarded by the court when received as redundant and/or moot because as he did more research on default judgments he quickly decided it was worth driving to Hammond to file … rather than wait for the motion to be delivered." [DE 35 at 4]. The "draft" copy of the Motion, which can be found at docket entry 37, was received and docketed by the Clerk of Court on September 15, 2025. [DE 37]. After a reading of the additional copy of the Motion, and per Plaintiff's request, the Court **STRIKES as duplicative** the second Motion to Show Cause and Motion for Default Judgment [DE 37].

warrant a default judgment, rather it is one that the Seventh Circuit highly disfavors. *Sun,* 473 F.3d at 811. Accordingly, because Defendants have until November 12, 2025, to file a response to the Amended Complaint, Plaintiff's Motion to Show Cause and Motion for Default Judgment [DE 35] is **DENIED.**

Next, Plaintiff filed Applications for Entry of Default against Defendants Gregory Shaver, Alysa Rollock, Christina Wright, and Christine Marcuccilli on October 16, 2025, and October 20, 2025, because he claims their respective response deadlines have passed. [DE 52, 56]. The Court notes that these Applications were filed after the Court's October 15, 2025, Order which gave all Defendants until November 12, 2025, to respond to the Amended Complaint. [DE 50]. Like above, since the deadline for Defendants to respond has not passed, Plaintiff's requests are without merit. Accordingly, Plaintiff's Applications for Entry of Default [DE 52, 56] are **DENIED**.

Lastly, on October 24, 2025, Plaintiff filed a Motion to Reconsider and Motion for Written Opinion [DE 58]. Specifically, Plaintiff is asking the Court to reconsider its October 15, 2025, Order. In summary, Plaintiff argues that a 28-day extension to respond to the Amended Complaint is excessive, that he filed a response in opposition to Defendants' request for additional time, that Defendants never served him with their opposition to his request for an oral argument, and finally, that the Court's failure to enter a "written opinion … gives the appearance of an arbitrary or capricious decision." [DE 58].

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. FED. R. CIV. P. 59(e). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties,

4

or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012)).

Plaintiff does not present any newly discovered evidence, nor demonstrate that the Court committed any manifest error of law or fact to warrant reconsideration. Accordingly, his Motion for Reconsideration [DE 58] is **DENIED**.

*Conclusion*

For the foregoing reasons, Plaintiff's Motion to Show Cause and Motion for Default Judgment [DE 35] is **DENIED**, his Motion to Show Cause and Motion for Default Judgment [DE 37] is **STRICKEN as duplicative**, his Applications for Default [DE 52 & 56] are **DENIED**, and his Motion for Reconsideration and Motion for Written Opinion [DE 58] is **DENIED**.

SO ORDERED.

ENTERED: November 4, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court